```
         IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
KAREN L. VAN GORKOM,
                                *
     Plaintiff,
                                *
v.                                    CIVIL NO.: WDQ-04-2802
                                *
DEUTSCHE BANK,
                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Karen L. Van Gorkom, *pro se*, has sued Deutsche Bank (the "Bank") for employment discrimination and hostile work environment in violation of Title VII of the Civil Rights Act of 1964,[1] the Equal Pay Act of 1963,[2] the Age Discrimination in Employment Act of 1967,[3] and Maryland's Fair Employment Practices Act.[4] Van Gorkom also sued for breach of contract and defamation under Maryland law. Pending are the Bank's motions to dismiss for Van Gorkom's failure to prosecute or, in the alternative, as

---

[1] Pub. L. No. 88-352, 78 Stat. 253; 42 U.S.C. §§ 2000e to 2000e-17.

[2] Pub. L. No. 88-38, 77 Stat. 56; 29 U.S.C. § 206(d).

[3] Pub. L. No. 90-202, 81 Stat. 602; 29 U.S.C. §§ 621-634.

[4] Md. Ann. Code art. 49B, §§ 14-18.

1

a sanction for discovery abuses, and to amend the certificate of service filed with its reply memorandum in support of its motion to dismiss. For the following reasons, the motions will be granted.

I.  Background

On March 28, 2003, Van Gorkom, then a 56-year-old woman,[5] was discharged from her position at the Bank. Compl. ¶ 4.

On August 27, 2004, Van Gorkom initiated this action, claiming the Bank denied her equal pay and then discharged her because of her sex, race, national origin, age, and marital status. *Id*. ¶ 5. Van Gorkom further claimed that she was subjected to a hostile work environment, not compensated for her promotion to Assistant Vice President, and defamed. *Id*. at ¶¶ 6, 8.

On January 3, 2005, the Bank moved to dismiss for failure to state a claim. Paper No. 6. On March 9, 2005, for the reasons stated in the accompanying Memorandum Opinion (Paper No. 16), the Court granted the Bank's motion in part and denied it in part, dismissing all of Van Gorkom's claims except those for sex-based discriminatory discharge and hostile work environment.

---

[5] Van Gorkom has not alleged her race or national origin.

Paper No. 17.  On March 22, 2005, the Bank filed its Answer. Paper No. 20.

On April 5, 2005, the Court entered its first scheduling order, setting an October 7, 2005 discovery deadline.  Paper No. 25.  On October 7, 2005, discovery was stayed pending settlement proceedings that ultimately proved unsuccessful.  Paper No. 34. On July 19, 2006, the Court entered an order setting a November 20, 2006 discovery deadline.  Paper No. 37.

On November 2, 2006, at Van Gorkom's request, the Court extended the discovery deadline to January 22, 2007.  Papers No. 42, 43.

On January 8, the Bank filed a motion to compel Van Gorkom's response to the Bank's September 26, 2006 interrogatories and document-production request.  Paper No. 45.

On February 21, the Court granted the Bank's request to further extend the discovery deadline to sixty days after the Court issued an order on the Bank's motion to compel.  Papers No. 48, 49.

On February 28, 2007, the Court granted the motion to compel, ordering Van Gorkom to produce answers to the Bank's interrogatories and documents responsive to the Bank's document-production request by March 31, 2007.  Paper No. 51.  The Court's order expressly advised Van Gorkom that her "failure to

fully and adequately answer the interrogatories and respond to the request puts her at risk of the dismissal of her case." *Id*. The entry of the order on February 28 set the discovery deadline to May 1.  Fed. R. Civ. P. 4(a).

On March 31, Van Gorkom violated the Court's February 28, 2007 order by failing to respond to the Bank's discovery requests, and has yet to do so.  On April 23, the Bank filed the pending motion to dismiss.

II.  Motion to Dismiss

II.A.  Standard of Review

Under Federal Rule of Civil Procedure ("Rule") 41(b), a district court may dismiss an action for the plaintiff's failure to prosecute or comply with the Rules or any order of the court. The propriety of a dismissal under Rule 41(b) depends on the circumstances of the case. *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam) (internal quotation marks omitted).  In deciding whether to impose such a "harsh sanction," the court must consider: "(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal."  *Id*.

(internal quotation marks omitted).

II.B.  Analysis

As a *pro se* plaintiff, Van Gorkom bears all the responsibility for prosecuting her lawsuit and obeying the Court's orders.  Because Van Gorkom has failed to engage in any form of meaningful discovery, the Bank has been prejudiced by being prevented from evaluating the merits of Van Gorkom's claims, and put to considerable time and expense in its efforts to effect Van Gorkom's compliance.  A history of Van Gorkum's deliberate delay is evidenced by her: (1) refusal to agree to a date for her deposition (Def.'s Ex. D (Decl. of Sarah Goldfrank) Ex. 1 at 2 (e-mail from Van Gorkom to Goldfrank)); (2) failure to answer the Bank's interrogatories or respond to its request for documents, in violation of the Court's order; and (3) failure to initiate any discovery, despite having over fifteen months to do so, including five months of extensions.  Van Gorkom's financial status and previous failure to abide by the Court's order, despite an express warning that she risked dismissal, leaves the Court with no effective alternative sanction.  *Rogler v. Phillips Bldg. Mental Retardation Program*, 126 F.R.D. 509, 514 (D. Md. 1989).

Van Gorkom argues that she wants to prosecute her case but

is unable to do so because of her condition.  She asserts that her delay is due to the consequences of her homelessness and the severe emotional distress and physical impairment caused by the Bank, which have rendered her almost unable to function.

Although Van Gorkom's alleged circumstances evoke sympathy, the Court cannot ignore her failure to prosecute her case and obey the Court's orders.  "Pro se litigants are entitled to some deference from courts.  But they as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible."  *Ballard v. Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) (internal citation omitted).  Tolerating contempt of the Court's orders and the Rules "place[s] the credibility of the [C]ourt in doubt and invite[s] abuse."  *Id*. (magistrate's warning that plaintiff's failure to obey his order would result in a recommendation of dismissal left district court little alternative but to dismiss the case).  Accordingly, the Bank's motion to dismiss will be granted.

III.  Motion to Amend Certificate of Service

The Bank's motion to amend the certificate of service filed with its reply memorandum (Paper No. 57) is unopposed and seeks merely to eliminate a clerical error incorrectly indicating that

6

the memorandum was served on Van Gorkom by electronic mail, rather than solely by U.S. Mail. Accordingly, the motion to amend will be granted.

IV. Conclusion

For the reasons stated above, the Bank's motions will be granted, and the case will be dismissed.

| | |
|---|---|
| _July 12, 2007_ | _____/s/_____ |
| Date | William D. Quarles, Jr.<br>United States District Judge |